UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6756 GHK (JC) | Date | October 8, 2010 |
|---|---|---|---|
| Title | Lino F. Hernandez v. Ventura County, et al., | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| none present | none present |

**Proceedings:**          (IN CHAMBERS)

**ORDER TO SHOW CAUSE**

**I.     BACKGROUND**

On September 16, 2010, plaintiff Lino Felipe Hernandez ("plaintiff"), who is in custody at the Ventura County Jail and proceeding *pro se*, filed the operative First Amended Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that defendants violated his Eighth Amendment rights by permitting him to exercise only while in shackles and waist chains.

Although plaintiff was granted leave to proceed *in forma pauperis* ("IFP"), this court has reviewed plaintiff's history of filing civil rights complaints in *pro se*, and has determined that plaintiff may be ineligible for pauper status in this case.  Accordingly, unless plaintiff shows good cause otherwise, this action is subject to dismissal for the reasons set forth below.

**II.     APPLICABLE LAW - TITLE 28, UNITED STATES CODE, SECTION 1915**

Title 28, United States Code, Section 1915 authorizes litigants who meet specified criteria to proceed with civil litigation without the full prepayment of fees or costs, i.e., "IFP".  28 U.S.C. § 1915(a)(2).  However, pursuant to 28 U.S.C. Section 1915(g) ("Section 1915(g)"),[1] commonly known as the "three strikes" provision, prisoner litigants with three "strikes" or more generally may not proceed

---

[1]Section 1915(g) was enacted as part of the 1996 amendments to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 § 804(d) (the "PLRA").  Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).  It provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6756 GHK (JC) | Date | October 8, 2010 |
|---|---|---|---|
| Title | Lino F. Hernandez v. Ventura County, et al., | | |

IFP.  See Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).  "Strikes" are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim.  28 U.S.C. § 1915(g); Andrews, 398 F.3d at 1116 n.1; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (Under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").  Strikes include dismissals styled as denials of prisoner applications to file an action without prepayment of the full filing fee on the ground that the complaint is frivolous, malicious or fails to state a claim.  O'Neal v. Price, 531 F.3d 1146, 1152-53 (9th Cir. 2008).  Section 1915(g) excepts from this general prohibition cases in which a prisoner plaintiff is under imminent danger of serious physical injury.  See Andrews v. Cervantes, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (noting Section 1915(g)'s exception for IFP complaints which make a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing).

For purposes of Section 1915(g), a case is "frivolous" "if it is of little weight or importance" or "ha[s] no basis in law or fact," and a case is "malicious" if it was filed with the "intention or desire to harm another."  Andrews, 398 F.3d at 1121 (citations omitted); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint, containing . . .both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis either in law or in fact . . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.") (footnote and citations omitted).  The phrase in Section 1915(g) "fails to state a claim on which relief may be granted" is given the same meaning as parallel language in Federal Rule of Civil Procedure 12(b)(6).  See Andrews, 398 F.3d at 1121 (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999)).

When applying Section 1915(g), a court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim."  Id.

The Court may, *sua sponte*, dismiss an action that is barred by Section 1915(g), but must notify the prisoner/litigant of the strikes it considers to support such a dismissal, and allow the prisoner an opportunity to be heard on the matter before dismissing the case.  See Andrews, 398 F.3d at 1120 ("once a prisoner has been placed on notice of the potential disqualification under § 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status.").  A dismissal under § 1915(g) is without prejudice to a plaintiff refiling his civil rights Complaint after prepayment of the full filing fee.[2]

---

[2]Plaintiff's payment of the full filing fee prior to dismissal would render the issue of IFP status moot.  See Funtanilla v. Tristan, 234 Fed. Appx. 505, 505 (9th Cir. 2007) (reversing district court's dismissal under 28 U.S.C. § 1915(g) where plaintiff had paid filing fee in full prior to dismissal, since "[o]nce [plaintiff's] fee was paid, the issue of his IFP status became moot") (citing Lipscomb v. Madigan, 221 F.2d 798, 798 (9th Cir. 1955) and distinguishing Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002), which suggests that outright dismissal without affording plaintiff an opportunity to pay the

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6756 GHK (JC) | Date | October 8, 2010 |
|---|---|---|---|
| Title | Lino F. Hernandez v. Ventura County, et al., | | |

**III.    PRIOR FEDERAL FILINGS/DENIALS OF IFP STATUS**[3]

On February 3, 2009, plaintiff lodged a Complaint in the United States District Court for the Central District of California and requested IFP status in the case entitled Lino F. Hernandez v. B. Brooks, et al., No. CV 09-817 ("First Federal Action").  On May 15, 2009, an order was entered denying IFP status in the First Federal Action based upon plaintiff's failure to state a claim.  Plaintiff did not appeal.

On March 25, 2009, plaintiff lodged a Complaint in the Central District of California and requested IFP status in the case entitled Lino F. Hernandez v. B. Brooks, et al., No. CV 09-2071 ("Second Federal Action").  On May 15, 2009, an order was entered denying IFP status in the Second Federal Action based upon plaintiff's failure to state a claim.  Plaintiff did not appeal.

On August 17, 2009, plaintiff lodged a Complaint in the Central District of California and requested IFP status in the case entitled Lino F. Hernandez v. Ventura County, No. CV 09-5990 ("Third Federal Action").  On September 1, 2009, an order was entered denying IFP status in the Third Federal Action based upon plaintiff's failure to state a claim.  Plaintiff did not appeal.

On November 2, 2009, plaintiff was granted leave to proceed IFP in the Central District of California in the case entitled Lino F. Hernandez v. Ventura County, No. CV 09-7838 GHK (JC) ("Fourth Federal Action").  On September 8, 2010, plaintiff's IFP status was revoked as the Court found that the dismissals in the First, Second, and Third Federal Actions constituted strikes, and judgment was entered dismissing the Fourth Federal Action without prejudice.  The record does not reflect that plaintiff appealed this judgment.

---

[2](...continued)
filing fee is appropriate); see also Dubuc v. Johnson, 314 F.3d 1205 (10th Cir. 2003) (vacating district court's grant of *in forma pauperis* status and directing plaintiff to pay full filing fee within thirty days or be subject to dismissal of appeal for failure to prosecute); Houston v. Schwarzenegger, 2009 WL 3487625, at *6-*7 (E.D. Cal. Oct. 23, 2009)  (revoking *in forma pauperis* status pursuant to 28 U.S.C. § 1915(b) but affording plaintiff 30 days to pay remainder of filing fee or be subject to dismissal), Report and Recommendation adopted, 2010 WL 530154 (E.D. Cal. Feb. 9, 2010).

[3]Pursuant to Federal Rule of Evidence 201, the court may take judicial notice of "adjudicative facts" (e.g., court records, pleadings, etc.) and other facts not subject to reasonable dispute and either "generally known" in the community or "capable of accurate and ready determination by reference to sources whose accuracy cannot be reasonably questioned."  Fed. Rule Evid. 201(b); see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (a court may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"(citation omitted)).  As the orders and pleadings referenced in this section are proper subjects for judicial notice, this court takes judicial notice of such orders and pleadings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6756 GHK (JC) | Date | October 8, 2010 |
|---|---|---|---|
| Title | Lino F. Hernandez v. Ventura County, et al., | | |

**IV.     ORDER TO SHOW CAUSE**

After a careful review of the orders and pleadings in the First, Second, and Third Federal Actions, this Court finds that plaintiff has three prior strikes consisting of the dismissals in the First Federal Action, the Second Federal Action, and the Third Federal Action, each of which was expressly predicated upon plaintiff's failure to state a claim.  See O'Neal, 531 F.3d at 1152-53.  This Court also finds that the allegations in the Complaint do not suggest that plaintiff is exempt from Section 1915(g) due to imminent danger of serious physical injury.

**IT IS THEREFORE ORDERED that no later than October 28, 2010, plaintiff shall either (1) show good cause in writing, if any exists, why the Court should not recommend that this case be dismissed pursuant to Section 1915(g); or (2) pay the full statutory filing fee.**

**Plaintiff is cautioned that the failure to comply with this Order and/or timely to show good cause or to pay the full statutory filing fee, may result in the dismissal of this action.**

IT IS SO ORDERED.

Initials of
Deputy Clerk          kc